Filed 12/20/13  P. v. Nadone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072433 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F02582) |
| v. | |
| KHENNARY NADONE, | |
| Defendant and Appellant. | |

On April 1, 2011, Special Agent Justin Bolden and other agents from the California Department of Justice executed a search warrant for defendant Khennary Nadone's residence in Sacramento and found several rounds of ammunition and marijuana.  Defendant, who had a prior conviction that prohibited him from possessing ammunition, was charged with unlawful possession of ammunition, cultivation of marijuana, and possession of marijuana for sale.

Defendant moved to traverse the search warrant on the ground that material information was omitted from the affidavit supporting probable cause for issuance of the

1

warrant. The omitted information was that the location of defendant's residence was obtained by tracking a global positioning satellite (GPS) device (GPS) which the agents had, without a warrant, placed on his vehicle on March 12, 2011, while the vehicle was in a hotel parking lot.

The trial court denied the motion, reasoning as follows: a warrantless placement of a GPS device on a vehicle is a Fourth Amendment violation under *United States v. Jones* (2012) ___ U.S. ___ [181 L.Ed.2d 911, 918] (*Jones*), filed January 23, 2012. However, at the time the GPS device was placed on defendant's vehicle, there was binding authority in California, namely *People v. Zichwic* (2001) 94 Cal.App.4th 944 (*Zichwic*), that a warrant was not required to place a GPS device on the exterior of a vehicle in a public place. Then, applying the rationale of *Davis v. United States* (2011) ___ U.S. ___ [180 L.Ed.2d 285] (*Davis*), which holds that "searches conducted in objectively reasonable reliance on binding appellate precedent [which is later overruled] are not subject to the exclusionary rule" (*id.* at p. ___ [180 L.Ed.2d at p. 290]), the court concluded that information gained from the GPS device was not subject to suppression under the exclusionary rule.

Pursuant to a plea bargain, defendant then pleaded no contest to unlawful possession of ammunition and the marijuana charges were dismissed. Imposition of judgment was suspended and defendant was placed on probation. Defendant timely filed a notice of appeal.

### Defendant's Contentions

Defendant contends that *Davis* was inapplicable because *Zichwic* was not binding precedent. He also argues that Special Agent Bolden's omission from the affidavit that the means by which he had been able to determine defendant's residence was by tracking the GPS device was intentional and meant to deceive the magistrate. We reject both positions.

2

## Relevant Law and Application

In *Jones*, the court held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search' [within the meaning of the Fourth Amendment]." (*Jones, supra*, ___ U.S. at p. ___ [181 L.Ed.2d at p. 918], fn. omitted.)  However, proof of a warrantless placement of a GPS device does not necessarily render evidence obtained from the GPS device subject to the exclusionary rule.  In *Davis*, the court held that "searches conducted in objectively reasonable reliance on binding appellate precedent [which was later overruled] are not subject to the exclusionary rule" (*Davis*, *supra*, ___ U.S. at p. ___ [180 L.Ed.2d at p. 290]) because "[e]xcluding evidence in such cases deters no police misconduct and imposes substantial social costs" (*id.* at p. ___ [180 L.Ed.2d at p. 302]).

*Zichwic* held that the placing of an electronic tracking device on the undercarriage of a pickup by a law enforcement officer, who was in a place where he had a right to be, was not a search.  (*Zichwic*, *supra*, 94 Cal.App.4th at pp. 955-956.)

Defendant argues the holding of *Zichwic* was limited to parolees and/or probationers who have search conditions attached to their releases from custody, and that the above holding was "non-binding dicta."  Defendant is wrong.  In *Zichwic*, law enforcement officers suspected the defendant, who was on searchable parole, of being involved in a string of recent burglaries and attached an electronic monitoring device (EMD) to the undercarriage of the defendant's truck, parked in his driveway.  When the defendant drove away, the EMD allowed the officers to follow his truck to a PG&E yard, where they caught the defendant stealing tools.  (*Zichwic*, *supra*, 94 Cal.App.4th at pp. 948-950.)  Charged with the thefts, the defendant unsuccessfully moved to suppress the evidence.  (*Id.* at p. 948.)

On appeal, the defendant argued that the attachment of the EMD constituted a search.  He challenged the search as being arbitrary and capricious within the meaning of *People v. Reyes* (1998) 19 Cal.4th 743, which held that parole searches were lawful

3

unless they were arbitrary, capricious, or harassing. (*Zichwic*, *supra*, 94 Cal.App.4th at p. 951.) After concluding that the search was not arbitrary, capricious, or harassing (*id*. at pp. 951-953), and thus upholding the parole search condition, the court stated that even if the defendant had not been subject to a parole search condition, the court would have found that placement of the EMD was not a search and explained in detail its reasoning. (*Id.* at pp. 953-956.)

Defendant insists that the search issue in *Zichwic* was resolved once the court declared the parole search condition valid, and therefore further discussion of the search issue was "not necessary to the resolution of the case." Not so; the court's conclusion that the placement of the EMD on the vehicle was not a search constituted an alternative holding. "[W]hen a decision is based on two separate grounds, neither is dictum." (*Varshock v. Department of Forestry & Fire Protection* (2011) 194 Cal.App.4th 635, 646, fn. 7; see *People v. Rolon* (2008) 160 Cal.App.4th 1206, 1214-1215 [" ' "When an appellate court bases its decision on alternative grounds, none is dictum." [Citation.]' [Citation.]"].) The court's conclusion that installation of an EMD on a vehicle does not constitute a search is no more dictum than its discussion of the parole search condition. Indeed, in light of that conclusion, any discussion of parole search conditions was unnecessary.

Defendant also argues that Special Agent Bolden's omission was intentional, and therefore the trial court erred in not granting his motion to traverse the warrant. We are unpersuaded. "A defendant who challenges a search warrant based on *omissions* in the affidavit bears the burden of showing an intentional or reckless omission of material information that, when added to the affidavit, renders it insufficient to support a finding of probable cause. [Citations.]" (*People v. Scott* (2011) 52 Cal.4th 452, 484.) Had the omitted fact that Special Agent Bolden obtained defendant's address by means of a GPS device that Bolden had placed on defendant's vehicle been added to the affidavit, nothing would have been changed because at the time Bolden attached the GPS device, there was

4

binding precedent, to wit, *Zichwic*, that such attachment was not a search. Consequently, the omitted fact was not material and the trial court properly denied defendant's motion.

Finally, defendant argues that the Legislature made placement of the GPS device an illegal search when it enacted Penal Code section 637.7, declaring that "electronic tracking of a person's location without that person's knowledge violates that person's reasonable expectation of privacy." (Stats. 1998, ch. 449, § 1, p. 3214.) The point, even if correct, is irrelevant for purposes of suppression under the exclusionary rule. Section 28, former subdivision (d) of article I of the California Constitution "prohibit[s] application of the 'exclusionary rule' to evidence gathered in violation of the state Constitution's search and seizure clause (art. I, § 13) unless exclusion is compelled by federal constitutional law." (*People v. Mayoff* (1986) 42 Cal.3d 1302, 1318, fn. 9.)

In sum, we conclude the trial court properly denied defendant's motion to traverse the warrant.

**Disposition**

The judgment is affirmed.

                                                 RAYE          , P. J.

We concur:

         ROBIE         , J.

         MURRAY      , J.